PbaesoN, O. J.
 

 To entitle the plaintiff to have his bond for $180, mentioned in the pleadings, returned to him, according to the terms of the agreement signed by the defendant, Mary, it was necessary for him to use all proper diligence in endeavoring to get the amount of the note from D. F. Long.
 

 The equity which the bill seeks to enforce, is to have the agreement performed, and in the meantime, as ancillary thereto, to have the collection of the bond enjoined until he can establish his primary equity. It is clear, that in order to make out this equity, it was incumbent on the plaintiff' to aver in the bill, and prove that he
 
 had fused proper
 
 diligence, and did not “succeed in getting the amount of the note from D. F. Long.” The bill is fatally defective, in not making this averment. It is true the plaintiff avers he has not got the money from D. F. Long, but how he happened to fail, and what efforts were made by him to get tire money, if lie made any, are not set out, in order to show that he had used the degree of diligence imposed on him by the agreement.
 

 The bond and agreement bear date
 
 11th January,
 
 1853.— The plaintiff alleges, that as an inducement to the arrangement, which took place between him and one York, and as preliminary to the execution of the bond and agreement in question, “he told York, that he had purchased the printing press, material, and all the fixtures thereunto belonging, that D. F. Long owned, and if your orator got said press, material and fixtures, and it turned out as it had been represented to him, he would owe the said D. F. Long enough to satisfy his claim, and probably something more.” He then alleges, that in
 
 January
 
 or February, 1853, the printing press, material and fixtures, and all the property that JD. F. Long wa» known to be possessed of, were levied upon by creditors under attachments and sold, by reason whereof he failed to get the amount of the bond from L>. F. Long. This account of the matter, so far from showing that he used proper diligence,
 
 *326
 
 convicts him of a want of diligence. If it was true, as he told York, that he had bought the printing press, material and fixtures, how did it happen that he permitted the property to be appropriated by creditors, whose levies were not made until February, the month after his alleged purchase? We say February, because the ambiguity made by his loose allegations, “January or February,” must of course be taken most strongly against him. And why was it, that having early intelligence that D. F. Long had absconded, he took no means to assert his title to the printing press, material and fixtures, and made no effort whatever, as far as appears by his own allegation, to secure the debt which he had undertaken to endeavor to get for the defendant, Mary.
 

 For this defect in the bill, and want of equity by the plaintiff’s own showing, without adverting to the matter set up in answer, we concur with his Honor that the injunction ought to have been dissolved. There is no error. This will be certified.
 

 Per CuriaM, Decretal order affirmed.